MEMORANDUM *
William G. Brownfield appeals summary judgment granted Bob Evans on certain notes signed by Brownfield acknowledging indebtedness to Evans. The parties are familiar with the facts. We proceed with the law.
Under § 3-108 of the Uniform Commercial Code (the UCC), adopted by Washington as Wash. Rev.Code Ann. § 62A.3-108 (2008), “an instrument is not payable on demand where it is payable upon a contingency limiting the discretion of the holder to determine the time of payment.” 6 William D. Hawkland & Larry Lawrence, Uniform Commercial Code Series § 3-108:1 (1999). Six notes signed by Brownfield each stated that they were “to be paid from the first profits generated in my name” from a partnership formed by Evans with Brownfield or as “otherwise agreed.” As there were no profits, the condition was not met. No evidence was tendered as to what was otherwise agreed. The notes, therefore, were not payable on demand.
Evans argues (1) that Brownfield made some payments on the notes and (2) that the corporate minutes refer to Brownfield’s indebtedness. Neither observation serves to transform the notes into demand obligations. A trial is necessary to establish the facts of Brownfield’s obligations.
A fall-back agreement of Evans is that Brownfield asked the court to rule on the notes as a matter of law. His request was a request to apply the law correctly. He did not waive any appeal if the court were wrong.
Evans responds that the court was right because it followed Vogt v. Hovander, 27 Wash.App. 168, 616 P.2d 660 (1979). This decision, however, is unhelpful to resolution of our case. First, the note in question there was materially different from the notes at issue here and was actually found ambiguous, requiring evidence outside the note to understand. Second, the question before the Washington appellate division for decision was the relation of the note to the statute of limitations. Third, the note referred to the proceeds of rental property and as the state court expressly noted, “the parties do not argue [the note] to be governed by the provisions of the Uniform Commercial Code.” Id. In an ordinary commercial dispute such as the one in our case, the UCC is the governing law. See, e.g., In re Freeborn, 94 Wash.2d 336, 617 P.2d 424 (1980). Accordingly, Vogt is irrelevant here. The UCC controls. Brownfield may well have obligations. They cannot be summarily determined.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.